[Cite as *State ex rel. Copeland v. Bell*, 2026-Ohio-2834.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.
ANTHONY COPELAND,

      Relator,

      v.

JUDGE, RICHARD N. BELL,

      Respondent.

:

:

:          No. 116556

:

:

:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** July 21, 2026

---

Writ of Mandamus
Motion No. 596894
Order No. 597388

---

***Appearances:***

Anthony Copeland, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} On June 1, 2026, the relator, Anthony Copeland, commenced this mandamus action against the respondent, Judge Richard Bell, to compel the judge

to enter a nunc pro tunc entry correcting a June 20, 2018 journal entry that classified him as a sexually oriented offender to show that the judge actually denied the State's motion to have him classified as a sexually oriented offender in the underlying case, *State v. Copeland*, C.P. No. CR-86-213510-ZA. Copeland filed a "Motion to Correct A Clerical Mistake Pursuant to Civ.R. 60(A)" asking for this relief on March 18, 2026, in the underlying case.

{¶ 2} On July 1, 2026, the respondent judge moved to dismiss the mandamus action. For the following reasons, this court grants the motion to dismiss.

**Factual and Procedural Background**

{¶ 3} In October 1987, in *State v. Copeland*, C.P. No. CR-87-214421-B, a jury found Copeland guilty of aggravated robbery with a firearm specification, guilty of carrying a concealed weapon, and guilty of having a weapon while under disability with a firearm specification. The judge found that the firearm specifications were for two distinct incidents and imposed a total of six years for them, to be served prior to and consecutive to ten to 25 years for aggravated robbery, four to ten years for carrying a concealed weapon, and three to five years for having a weapon while under disability. The judge ordered the base charges to be served concurrently. In the underlying case on November 13, 1987, a jury found Copeland guilty of two counts of rape and one count of kidnapping. The judge sentenced him to ten to 25 years on each count to be served concurrently but prior to and consecutive to the sentence in Case No. CR-214421. Copeland is still serving these sentences.

{¶ 4} In 1997, the State sought a sexual predator hearing for Copeland. However, the trial court ruled the sexual predator statute unconstitutional. This court reversed that determination in *State v. Copeland*, 2000 Ohio App. LEXIS 5964 (8th Dist. Dec. 18, 2000). After the Supreme Court of Ohio denied Copeland's appeal, the State again sought a sexual predator hearing in 2001. In early 2002, the trial court granted Copeland's motion for summary judgment and declared he was not a sexual predator. This court reversed and remanded in *State v. Copeland,* 2002-Ohio-6048 (8th Dist.).

{¶ 5} Upon remand on July 17, 2003, the trial court ordered the warden of the Warren Correctional Institution to send an H.B. 180 packet. However, the docket shows no further action until 2017, when Copeland filed a motion to contest reclassification because he had been given notice of new classification and registration duties from the Office of the Ohio Attorney General in September 2008. The court held a hearing on the matter, and on June 20, 2018, ruled that Copeland was a sexually oriented offender. Although the order stated that this was a final, appealable order, Copeland did not appeal.

{¶ 6} On March 18, 2026, Copeland filed the subject motion to correct clerical mistake pursuant to Civ.R. 60(A). Copeland argues that at the 2018 hearing, everybody agreed that he had served his sentence for the rape case in 2012. Thus, he could not be classified as a sexually oriented offender. He attached a portion of the transcript to his motion. However, during the hearing, the State argued that because he had not been released from prison, he could still be classified as a

sexually oriented offender, as compared to a sexual predator.  When the trial judge had not ruled on the nunc pro tunc motion in three months, Copeland commenced this mandamus action.  The respondent judge summarily denied the motion on June 30, 2026.

**Legal Analysis**

{¶ 7}  The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.  Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.  *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987).  Furthermore, mandamus is not a substitute for appeal.  *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus.  Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case.  *State ex rel. Wilmore v. Hayes,* 2013-Ohio-4716, ¶ 6 (8th Dist.).  Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.  *State ex rel. Tran v. McGrath*, 1997-Ohio-245; *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33 (1990).  Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear.  It should not issue in doubtful cases.  *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977);

*State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43 (8th Dist. 1993).

{¶ 8} In the present case, mandamus will not issue because Copeland had an adequate remedy at law to resolve the issue by appealing the June 20, 2018 order classifying him as a sexually oriented offender. He still has an adequate remedy at law by appealing the denial of the subject motion within 30 days of the June 30, 2026 ruling.

{¶ 9} Moreover, mandamus may not control judicial discretion. Thus, it would be improper to use mandamus to compel a specific ruling on the motion.

{¶ 10} To the extent that Copeland sought mandamus to compel a ruling on the subject motion, the respondent judge's June 30, 2026 ruling renders this issue moot.

{¶ 11} Finally, Copeland did not comply with R.C. 2969.25(A), the prior lawsuit affidavit requirement. That statute requires inmates to file an affidavit that contains a description of each civil action filed in the previous five years in any state or federal court. The description must include the case name, case number, the names of each party to the civil action, and its outcome. Compliance is mandatory and the failure to comply subjects the inmate's action to dismissal. The courts strictly enforce R.C. 2969.25; substantial compliance will not suffice. *State ex rel. Robinson v. Page,* 2025-Ohio-623, ¶ 7; and *State ex rel. Neguse v. McIntosh,* 2020-Ohio-3533. In the present case, Copeland omitted *State ex rel. Copeland v. Dept. of Rehab & Corr.,* 2021-Ohio-3464 (8th Dist.). Although Copeland mentioned that he

brought a federal habeas corpus action in 2023, he did not provide the case name or all of the parties to the case. The failure to comply with the statute provides another reason for dismissal.

{¶ 12} Accordingly, this court grants the respondent's motion to dismiss. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 13} Writ dismissed.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR